# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## 1:11cv39

| | |
|---|---|
| WALDBURGER, et al., ) | |
| Plaintiffs, ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| CTS CORPORATION, ) | |
| Defendant. ) | |

Pending before the Court is Defendant's Motion to Dismiss [# 7]. Plaintiffs brought this action against Defendant CTS Corporation asserting a single count of nuisance arising out of the alleged contamination of Plaintiffs' property. Defendant now moves to dismiss the Complaint. The Court Recommends that the District Court **GRANT** the motion [# 7].

**I.     Background**

CTS of Asheville, Inc. was formed in 1959 to manufacture electronics. (Pls.' Compl. ¶¶ 5 & 7.) CTS of Asheville operated a facility in the Asheville area called the Mills Gap Road Electroplating Facility (the "Facility"). (Id. ¶ 9.) As part of the process of manufacturing electronics, CTS of Asheville used various toxic solvents, including trichloroethylene ("TCE") at the Facility. (Id. ¶¶ 8-9.)

CTS of Asheville also stored TCE at the Facility. (Id. ¶ 10.)

CTS of Asheville was dissolved in 1983. (Id. ¶ 14.) The Facility, however, continued operating for another two years as Defendant CTS Corporation, Asheville Division. (Id. ¶ 15.) Defendant CTS Corporation ceased operating the Facility in 1985. (Id. ¶ 19.) In 1987, CTS Corporation sold 54 acres of the industrial site where the Facility was located to a partnership, Mills Gap Road Associates. (Id. ¶ 23.)

Plaintiffs are all either land owners of property that was formally part of the industrial site CTS Corporation sold to Mills Gap Road Associates or property that is near the former industrial site. (Id. ¶ 29.) Plaintiffs contend that their land and ground water is contaminated by the toxic chemicals, including TCE, that CTS Corporation left at the Facility when it sold the property. (Id. ¶¶ 29-30.) These chemicals have leached into the air and water. (Id. ¶ 33.) In fact, two of the Plaintiff were advised by the EPA in 2009 that their well water contained levels of TCE that were not fit for human consumption. (Id. ¶¶ 34-35.)

Subsequently, Plaintiffs brought this action for nuisance against Defendant CTS Corporation. Plaintiffs demand monetary damages, as well as a judgment requiring reclamation of the toxic chemicals and remediation of any environmental harm caused by these chemicals. Defendant now moves to dismiss the Complaint

on the ground that the claims are barred by the applicable statute of repose.

**II.    Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief.  See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009).  In considering a defendant's motion to dismiss, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to plaintiff.  Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92.  Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ."  Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256.  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.  Nor will mere labels and legal conclusions suffice.  Id.  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned,

the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. ____, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that the defendants acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claims from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

### III. Analysis

In order to prevail on their claim for nuisance under North Carolina law, Plaintiffs must demonstrate "an unreasonable interference with the use and enjoyment of their property." Jordon v. Foust Oil Co., Inc., 447 S.E.2d 491, 498 (N.C. Ct. App. 1994). The three year statute of limitations set forth in N.C. Gen. Stat. § 1-52 applies to a claim of nuisance. Wilson v. McLeod Oil Co., 398 S.E.2d

586, 511 (N.C. 1990); Robertson v. City of High Point, 497 S.E.2d 300, 302 (N.C. Ct. App. 1998); Crawford v. Boyette, 464 S.E.2d 301, 303 (N.C. Ct. App. 1995); James v. Clark, 454 S.E.2d 826, 830 (N.C. Ct. App. 1995). In addition, N.C. Gen. Stat. § 1-52(16) provides that:

> Unless otherwise provided by statute, for personal injury or physical damage to claimant's property, the cause of action . . . shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs. Provided that no cause of action shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action.

The provisions of N.C. Gen. Stat. § 1-52(16), including the ten year statute of repose, apply to nuisance actions asserting personal injury or physical damage to a plaintiff's property. See Wilson, 398 S.E.2d at 513; Hodge, 631 S.E.2d at 144-45; Crawford, 464 S.E.2d at 303-4. "The plain language of the statute indicates that in cases involving property damage, no cause of action may be brought more than ten years after the defendant's last act or omission." Hodge, 631 S.E.2d at 145. "A complaint which seeks to impose liability upon a previous landowner or operator for adjoining land contamination constitutes an action for physical damage to claimant's property, and is thus governed by N.C. Gen. Stat. § 1-52(16)." Id.

Here, Plaintiffs seek to impose liability on Defendant CTS Corporation, as the former landowner, for the contamination of its former land and the adjoining

land. The last possible act or omission by Defendant CTS Corporation that could give rise to a cause of action occurred in 1987 when it sold the property. Because Defendant CTS Corporation's last act or omission occurred more than ten years before Plaintiffs filed this action, Plaintiffs claims are barred by the statute of repose contained in N.C. Gen. Stat. § 1-52(16). See Wilson, 398 S.E.2d at 597; Hodge, 631 S.E.2d at 145.

Plaintiffs, however, contend that N.C. Gen. Stat. § 1-52(16) is unconstitutional under the open courts provision of the North Carolina Constitution. Article I, section 18 of the North Carolina Constitution provides that:

> Courts shall be open. All courts shall be open; every person for an injury done him in his lands, goods, person, or reputation shall have remedy by due course of law; and right and justice shall be administered without favor, denial, or delay.

Although neither the North Carolina Supreme Court nor the Court of Appeals has ever directly addressed whether the ten year statute of repose contained in N.C. Gen. Stat. § 1-52(16) is constitutional as applied to a nuisance claim based on the contamination of land, North Carolina courts have upheld shorter statute of reposes for other causes of action. See Lamb v. Wedgewood S. Corp., 302 S.E.2d 868 (N.C. 1983) (upholding six year statute of repose contained in N.C. Gen. Stat. § 1-50(5)); Tetterton v. Long Mfg., 332 S.E.2d 67, 70-75 (1985) (upholding the six year statute of repose contained in N.C. Gen. Stat. § 1-50(6)); Garrett v. Winfree,

463 S.E.2d 411, 416-17 (N.C. Ct. App. 1995) (upholding constitutionality of N.C. Gen. Stat. § 1-15(c)). Based on the reasoning of the North Carolina Supreme Court in Lamb, the Court is convinced that the ten year statute of repose contained in N.C. Gen. Stat. § 1-52(16) is not unconstitutional under the open courts provision of the North Carolina Constitution. The ten year statute of repose is not so short as to effectively abolish all potential claims. See Lamb, 302 S.E.2d at 882 n.7; Tetterton, 332 S.E.2d at 72-73.[1] Accordingly, the Court finds that the application of the statute of repose to Plaintiffs' claim is not unconstitutional under the open courts provision of the North Carolina Constitution.

Finally, the statute of repose contained in N.C. Gen. Stat. § 1-52(16) is not preempted by the Comprehensive Environmental Response Compensation and Liability Act. Section 9658 provides that in cases brought under state law for property damage caused by exposure to any hazardous substance or contaminant released from a facility, the federal commencement date for the accrual of the statute of limitations shall apply. 42 U.S.C. § 9658(a)(1). Thus, CERCLA preempts the state accrual date in environmental cases. Id.; see also Minnesota ex

---

[1] The statute of repose, however, would likely not apply to a latent disease like cancer that a Plaintiff later contracts as a result of exposure to toxic chemicals in their drinking water. See Jones v. United States, 751 F. Supp. 2d 835, 840-842 (E.D.N.C. 2010). Plaintiffs, however, concede that they are not asserting any claims for personal injury. (Pls.' Resp. Def.'s Mot. Dismiss at p. 12). Accordingly, the Court need not address this issue.

rel. Northern Pacific Ctr., Inc., 723 F. Supp. 2d 1123, 1128 (D. Minn. 2010); Kowalski v. Goodyear tire & Rubber Co., 841 F. Supp. 104, 107 (W.D.N.Y. 1994). The clear language of the statute, however, is limited to a state's statute of limitations. See 42 U.S.C. §§ 9658(b)(2) & (3); Burlington Northern & Sante Fe Ry. Co. v. Poole Chem. Co., Inc., 419 F.3d 355, 362-63 (5th Cir. 2005) (holding that the plain language of Section 9658 does not apply to a statute of repose); Evans v. Walter Indus., Inc., 579 F. Supp. 2d 1349, 1364 (S.D. Ala. 2008) (same); but see McDonald v. Sun Oil Co., 548 F.3d 774, 782 (9th Cir. 2008) (holding that Section 9658 did not preempt the applicable statute of repose).

A statute of limitations and a statute of repose are two distinct types of statutes. Id. at 865-66. "A statute of repose is a substantive limitation, and is a condition precedent to a party's right to maintain a lawsuit." Tipton & Young Const. Co., Inc. v. Blue Ridge Structure Co., 446 S.E.2d 603, 605 (N.C. Ct. App. 1994); see also Dawson v. N.C. Dep't of Env't and Natural Res., 694 S.E.2d 427, 430 (N.C. Ct. App. 2010). In contrast, a statute of limitations is a "procedural device that operates as a defense to limit the remedy available from an existing cause of action." First United Methodist Church of Hyattsville v. U.S. Gypsum Co., 882 F.2d 862, 865 (4th Cir. 1989). Because the plain language of Section 9658 provides that it only preempts a state statute of limitations, the Court finds

that the statute does not preempt the statute of repose contained in N.C. Gen. Stat. § 1-52(16). See id. ("[W]hen the language of a statute is clear, there is no need to rely on its legislative history."). Accordingly, Plaintiffs' claim for nuisance is barred by the applicable statute of repose and Plaintiffs' Complaint is subject to dismissal. The Court, therefore, **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 7] and dismiss the Complaint in its entirety.

IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 7] and dismiss the Complaint in its entirety.

Signed: October 4, 2011

Dennis L. Howell
United States Magistrate Judge

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written

objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).