IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv39

| | |
|---|---|
| WALDBURGER, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) ORDER |
| CTS CORPORATION, | ) |
| Defendant. | ) |

This matter is before the court upon the memorandum and recommendation of United States Magistrate Dennis L. Howell, filed October 4, 2011. The parties were advised that pursuant to 28 U.S.C. § 636(b)(1)(C), written objections to the memorandum and recommendation must be filed within 14 days after service of the memorandum. The Plaintiffs timely filed an objection to the memorandum and recommendation on October 21, 2011, and the Defendant submitted a response to the objection on November 7, 2011.

After an independent and thorough review of the magistrate's memorandum, Plaintiffs' objections thereto, and a de novo review of the record, the court concludes that the recommendation to grant Defendant's Motion to Dismiss is correct and in accordance with law. The court specifically notes that the magistrate judge's analysis of CERCLA's preemption of state statutes of limitations, as opposed to statutes of repose, is accurate and well-reasoned. The court has reviewed the Ninth Circuit's holding to the contrary in *McDonald v. Sun Oil Co.*, 548 F.3d 774, 782 (9th Cir. 2008), in which the court held that CERCLA preempted the applicable statute of repose. The court finds the reasoning of that court to be flawed. The plain language of Section 9658 of CERCLA applies only to state statutes of limitations, not statutes of repose. If the language of a statute is

clear, the Fourth Circuit has stated that "[o]ur inquiry into Congress' intent is at an end, for if the language is plain and the statutory scheme is coherent and consistent, we need not inquire further." *William v. Gonzales*, 499 F.3d 329, 333 (4th Cir. 2007). It appears that the *McDonald* court created an ambiguity where none existed. Plaintiffs also rely on the Georgia district court's decision in *In re: Camp Lejeune, North Carolina Water Contamination Litigation*, 1:11-md-02218 (September 29, 2011, N.D.Ga.), in support of their argument that CERCLA should preempt the statute of repose in this case. However, the court finds this case to be unpersuasive, particularly since the *Camp Lejeune* court did not hold that statutes of repose were necessarily preempted by § 9658, only that they could be based on the "factual circumstances of each plaintiff's claim." *Camp Lejeune*, p. 23.

Accordingly, the findings and conclusions of the magistrate are accepted and Defendant's Motion to Dismiss is GRANTED.

IT IS THEREFORE ORDERED that the memorandum and recommendation of the magistrate is hereby AFFIRMED.

Signed: February 6, 2012

Graham C. Mullen
United States District Judge